# THOMAS G. McLERAN v. J. E. BENTON, EGBERT JUDSON, JAMES L. KING, AND J. PURRINGTON.

DECREE OF DIVORCE DIVIDING COMMON PROPERTY.— Where a decree of divorce directs that there shall be an equal division of the common property, the former husband and wife become, from the time the judgment is rendered, tenants in common *eo nomine* in the land theretofore held by them in community.

HEIR OF TENANT IN COMMON MAY SUE IN EJECTMENT.—Where a decree of divorce directs an equal division of the common property, and the former wife afterwards dies intestate, her heir becomes a tenant in common in the community property,

with the title and right of entry of the deceased, and either the heir or the grantee of the heir may maintain ejectment for the whole property against intruders.

Executor of Last Will of Tenant in Common.—Where husband and wife are divorced, and the decree also directs an equal division of the common property, and both afterwards die, the former husband leaving a will and the former wife intestate, the executors of the last will of the former husband cannot exclude from the lands formerly held in community the heirs of the former wife.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

The premises in controversy are situated at the southwest corner of Tracy and Valencia streets, San Francisco. In 1848 Jacob Harmon, Sen., took possession of, built a house on, and inclosed, cultivated, and resided on the same until the divorce suit was commenced, when his wife Elenora left the premises. He continued to inhabit the house and cultivate the land until his death, November 3d, 1850, and then left the property in the possession of certain persons who were in his employment. On the 17th day of December, 1850, the executors qualified and entered upon the discharge of their duties, and then let the premises to the said employés, who remained in possession until the sale to Elenora, the former wife. She and her husband Foley then took charge of the premises, and remained in possession for about one year. Since the expiration of the last named time neither the executors nor the former wife nor her heirs have undertaken to take possession of the premises or exercise any control over the same.

This action was commenced on the 4th day of June, 1862. The complaint averred, that on the 22d of May, 1861, the plaintiff was the owner in fee of the demanded premises, and that on the 23d of May, 1861, the defendants entered and ousted him, and contained the usual prayer for judgment for possession.

The defendants answered separately, denying plaintiff's ownership, and setting up the Statute of Limitations.

The executors, after the 10th day of July, 1852, did not take any steps in or about the administration of the estate, but had not rendered any final account or been in any manner

discharged by the Probate Court.   Corbett, one of the execu-
tors, died in 1860.

After the plaintiff had rested, the defendants moved the
Court to nonsuit the plaintiff, because the executor had never
been finally discharged by the Probate Court, and an action
to recover the demanded premises could only be maintained
by him.

The Court granted the motion.   The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Sloan & Provines,* for the Appellant, argued that the will
of Jacob Harmon took effect upon one moiety only of the
premises in dispute, and that by the death of Elenora the
other moiety descended to her daughter Mary Ann, who by
the inheritance became a tenant in common in the property,
and that her grantee, the appellant, could maintain ejectment
for the entire property.   To sustain the proposition that the
husband could only dispose of by will an undivided half of
the common property, they cited *Beard* v. *Knox,* 5 Cal. 257 ;
*Buchanan's Estate,* 8 Cal. 510 ; and *Payne* v. *Payne,* 18 Cal.
301.   They also argued that the decree of divorce took away
from the husband the power to dispose of more than an undi-
vided half of the common property by will or otherwise, and
that therefore the executors never acquired any right to con-
trol more than an undivided one half of the same.

*Patterson, Wallace & Stow,* for Respondents, argued that
the nonsuit was properly granted, because Jacob Harmon was
in possession without title at the time of his death, and after
the decree of divorce had been rendered, and left a will which
appointed executors and was probated, and the executors
qualified and took possession, and that Elenora, the former
wife, took nothing on the death of Jacob Harmon, and there-
fore her heir did not inherit anything except what she acquired
under the will of her father.

By the Court, Shafter, J.:

Ejectment. The plaintiff was nonsuited at the trial on the ground that the right of action was not in him, but in Thomas Hayes, as surviving executor of J. B. Harmon.

The evidence of the plaintiff tended to prove that the demanded premises belonged originally to Jacob Harmon and Elenora, his wife, in community. That on the 13th day of September, 1849, the wife brought suit against her husband in the Court of First Instance, praying for a dissolution of the bonds of matrimony and for a division of the common property, and that such proceedings were had therein that afterwards, on the 24th day of October, 1849, a decree was rendered divorcing the parties and directing an equal division of the common property. From this decree Harmon appealed to the Supreme Court, where the judgment was in all things affirmed. The case was remitted to the District Court of the Fourth Judicial District, and Harmon having died pending the appeal, leaving a will, in which Thomas Hayes and William Corbett were named as executors, and letters testamentary having been duly issued to them, they were made parties defendant in the room of their testator; but there was no revival in the names of his two children, Jacob and Mary Ann. This was in February, 1851, and on the 12th of March following an order or supplementary decree was entered directing that the property should be sold and the proceeds divided between the parties. The property was sold under this order on the 28th of March, 1851, and Elenora, then the wife of one Foley, became the purchaser and received a deed executed to her in the manner pointed out in the decree. Elenora died intestate in 1860. Her son, Jacob Harmon, Jr., died in the same year leaving neither wife nor descendants, but the daughter, Mary Ann, survived her mother, and on the 21st day of May, 1861, she conveyed the premises in question to the plaintiff. Harmon by his will devised his estate in the land to his two children, two thirds to the son and one third to the daughter.

The relation of husband and wife, between Jacob and Elenora Harmon, was dissolved by the decree of October 24, 1849, and the property theretofore held by them in community was, by force of the decree that it should be equally divided, held by the n thereafter as tenants in common *eo nomine*. It may be conceded for the purposes of argument that the order made on the return of the case from the Supreme Court directing that the decree for an equal division of the property should be carried into effect by a sale and division of the proceeds, was irregular and void, still the rights settled by the judgment originally pronounced, were not and could not have been affected by an abortive order which bore upon nothing, by its terms, except the mode and manner in which those rights were to be met or provided for. If the order was a nullity, then the case is, as it would have been, if the order had not been made, and if it had not been made the parties would, without doubt, have stood as tenants in common on the face of the decree.

One undivided half of the premises descended to Mary Ann, the daughter of Mrs. Harmon, on the decease of the mother in 1860, and her title and right of entry passed to the plaintiff by the deed of May, 1861. The executor of a tenant in common has no right to exclude a surviving co-tenant from the common lands, and an action of ejectment can be maintained by either against intruders, or they may sue jointly at their election. (Acts 1857, p. 62.)

Judgment reversed and new trial ordered.